UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH BARTULIO,

        Petitioner,               Case Number: 2:13-CV-12101

v.                                   HONORABLE STEPHEN J. MURPHY, III

WILLIE SMITH,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Joseph Bartulio has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bartulio, presently incarcerated at the Carson City Correctional Facility, asserts that he is being held in violation of his constitutional rights. Bartulio was convicted of armed robbery following a bench trial in Wayne County Circuit Court. The Court concludes that Bartulio has not properly exhausted his state court remedies and dismisses the habeas corpus petition without prejudice.

**I. BACKGROUND**

Bartulio's convictions arise from the robbery of a cabdriver on August 10, 2010, in Detroit. Following his conviction and sentencing, Bartulio filed an appeal of right in the Michigan Court of Appeals, raising the following claims: (i) insufficient evidence was presented to sustain the conviction; and (ii) trial counsel was ineffective in failing to present evidence that Bartulio had a history of failing to pay cabdrivers, but not of robbing cabdrivers. The Michigan Court of Appeals affirmed Bartulio's conviction. *People v. Bartulio,* No. 303284, 2012 WL 1939760 (Mich. Ct. App. May 29, 2012). Bartulio filed an

...

application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals, and the following additional claims: (i) counsel was ineffective for failing to investigate; (ii) prosecutorial misconduct; and (iii) ineffective assistance of appellate counsel. Leave to appeal was denied. *People v. Bartulio*, 493 Mich. 892, 822 N.W.2d 553 (Mich. Nov. 20, 2012).

Bartulio then filed this habeas corpus petition seeking relief on these claims: (i) insufficient evidence; (ii) identification; (iii) voice recognition; and (iv) credibility of witness plaintiff.

## II. DISCUSSION

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners

2

2

in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In his petition, Bartulio states that he has not raised his fourth habeas claim in state court. This claim, therefore, is unexhausted. A process remains through which Bartulio may raise this unexhausted claims. Bartulio can file a motion for relief from judgment pursuant to Michigan Court Rule 6.500. Bartulio may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, as necessary. Bartulio's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court to present his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The stay-and-abeyance procedure is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern. *Id.* at 277. Stay and abeyance is only appropriate when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.*

Bartulio has not shown good cause for failing to exhaust his claim in the state courts before returning to federal court. The Court, therefore, finds a stay is not warranted.

### III. CERTIFICATE OF APPEALABILITY

3

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that Bartulio has failed to fully exhaust his state court remedies. Therefore, the Court will deny a certificate of appealability.

### IV. CONCLUSION

For the reasons stated, the Court **DISMISSES** the petition for a writ of habeas corpus without prejudice and **DENIES** a certificate of appealability.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: May 24, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 24, 2013, by electronic and/or ordinary mail.

                                                          s/Carol Cohron
                                                          Case Manager